**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4415**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

RODNEY ANTAWAN BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:11-cr-00218-H-2)

Submitted:  March 25, 2013        Decided:  May 7, 2013

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher B. Shella, SHELLA, HARRIS & AUS, PC, Durham, North Carolina, for Appellant.  Felice McConnell Corpening, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Antawan Brown was found guilty, after a jury trial, of one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2006); one count of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (2006); and one count of use and carrying of a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (2006). The district court sentenced Brown to 384 months' imprisonment. Brown now appeals. In accordance with Anders v. California, 386 U.S. 738 (1967), Brown's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning the substantive reasonableness of Brown's sentence. Brown filed a pro se brief alleging ineffective assistance of counsel, insufficient evidence, and a Brady[*] violation. The Government has declined to file a brief. Because we find no meritorious grounds for appeal, we affirm.

Counsel for Brown questions whether Brown's sentence was reasonable. We review Brown's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We begin by reviewing

---

[*] Brady v. Maryland, 373 U.S. 83 (1963).

2

the sentence for significant procedural error, including improper calculation of the Guidelines range, failure to consider sentencing factors under 18 U.S.C. § 3553(a) (2006), sentencing based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51. Only if we find a sentence procedurally reasonable can we consider substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, Brown's within-Guidelines sentence is presumed reasonable, United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011), and we find no procedural or substantive error in its imposition.

As to the challenges raised in Brown's pro se supplemental brief, we find no error. The evidence was sufficient to support his convictions. The evidence purportedly withheld by the Government—records of cell phone call times—is not exculpatory, so there is no Brady violation. In addition, we have held that "there is no Brady violation if the defense is aware of the evidence in time to reasonably and effectively use it at trial." United States v. Jeffers, 570 F.3d 557, 573 (4th Cir. 2009). Because Brown admits in his pro se brief that he knew of the phone records prior to trial, he does not allege a cognizable Brady claim. Finally, because the record does not conclusively establish that counsel was ineffective, Brown's

3

claims to that effect may only be raised in a motion pursuant to 28 U.S.C.A. § 2255.

In accordance with <u>Anders</u>, we have reviewed the record in this case and conclude there are no meritorious issues for appeal. Therefore, we affirm Brown's conviction and sentence. This court requires counsel to inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4